

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Cleveland Davis
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:                    Opinion No. O-3357
                             Re: County Depository Bonds -
                                 Article 2547, V. A. C. S.

        Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

        "The Commissioners' Court of Brazoria
    County, Texas has submitted to me for approval
    several county depository bonds, all of said
    bonds being made by the banks situated in this
    county. The bonds are all signed by five
    sureties, in accordance with the provisions
    of Article 2547, of the 1925 Revised Civil
    Statutes of Texas, as amended; however, one
    man has signed as surety on all of the bonds
    which have been submitted to me, and in some
    instances he has duplicated the list of his
    properties on the several bonds.

        "A question has arisen in my mind as to
    whether or not this man can sign as surety on
    all of the bonds and list the same real estate
    on two or more bonds. Due to the provision of
    Paragraph A of Article 2547, as amended, which
    provides in part as follows:

            "'.....said bond to be signed by not
        less than five solvent sureties who shall
        own unincumbered real estate in this State
        not exempt from execution under the Con-
        stitution and Laws of this State of a value
        equal to or in excess of the amount of said
        bonds where there is more than one bond...'

        "Unless the particular surety who has listed
    his real estate on two or more bonds was a surety

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Cleveland Davis, Page 2

on said bond, the value of the real estate
would not be sufficient to qualify the bank
as a surety.

"I will appreciate an early reply at
your first conveience due to the fact that
the Court wishes to take action on these bonds
at an early date."

Article 2547, Vernon's Annotated Texas Civil Stat-
utes, reads in part as follows:

"Within fifteen (15) days after the se-
lection of such depository, it shall be the
duty of the banking corporation, association
or individual banker so selected, to qualify
as county depository in one or more of the
following ways, at the option of the Commis-
sioners Court:

"(a) By executing and filing with the
Commissioners Court a bond or bonds, payable
to the County Judge and his successors in
office, to be approved by both the Commissioners
Court and the Comptroller, and immediately
thereafter filed in the office of the County
Clerk of said county, said bond to be signed
by not less than five solvent sureties who
shall own unencumbered real estate in this
State not exempt from execution under the
Constitution and laws of this State, of a
value equal to or in excess of the amount of
said bonds where there is more than one bond;
said bond or bonds to be in an amount equal
to the estimated highest daily balance of
such county as determined by the Commissioners
Court, such estimated daily balance to be in
no event less than seventy-five per cent
(75%) of the highest daily balance of said
county for the next preceding year, less the
amount of bond funds received and expended,
provided, however, in the event that county
funds derived from the sale of county securi-
ties during the term of such bond are deposit-

ed, such Commissioners Court shall require additional bond and/or bonds, and/or pledge of securities equal to the amount of such additional county funds. The sureties shall file with the Commissioners Court at the time of filing said bond or bonds a statement containing a description of the unencumbered and non-exempt lands owned by them sufficient to identify such lands on the grounds, and such statement shall remain on file with the County Clerk and attached to such bond or bonds; and such statement shall contain a value of each tract of land so listed, together with the value of the improvements thereon.

". . . .

"It shall be the duty of the Commissioners Court to investigate and inquire into the solvency of each and every surety on any personal bond or bonds so filed by such county depository and accepted by the Commissioners Court and approved as required by law, at least twice during each and every year such bonds are effective and in force, and for that purpose shall have authority to require each surety to render an itemized and verified financial statement under oath showing his true financial condition; If any such statement or statements indicate that any of said sureties have become insolvent, or their net worth depreciated below the amount required by law as such sureties, or if any of the assets listed are shown to be, or are known to be depreciated, or their value in any way impaired, then and in any such events the Commissioners Court shall require a new bond meeting fully the requirements of this law; and in case of a bond or bonds the sureties on which are required to own unencumbered and non-exempt real estate as herein provided, such statement shall show each tract of land owned by each surety and the value thereof, and if the statements provided for herein shall in-

Honorable Cleveland Davis, Page 4

dicate that any of such lands have been disposed of or encumbered and the value of the remaining unencumbered or non-exempt lands shall not be sufficient to meet the requirements of this law, then the said Commissioners Court shall require a new bond meeting fully the requirements of this law. The Commissioners Court shall at any time it may deem necessary for the protection of the county, investigate and inquire into the solvency of any surety company or companies issuing a bond or bonds for any depository, and to investigate the value of any of the securities that may be pledged by such depository in lieu of the personal bond; and such Commissioners Court may request any such depository if it deem advisable, to execute a new bond. If said new bond required by the Commissioners Court for any reason as herein specified be not filed within five (5) days from the time of the service of a copy of said order upon said depository, the Commissioners Court may proceed to the selection of another depository in the same manner as provided for the selection of a depository at the regular time for such selection. Nothing in this law shall in any manner limit, restrict or prevent the Commissioners Court from requiring any depository to execute a new bond at any time such Commissioners Court may deem it necessary for the protection of the county."

It is our opinion that if the surety only owned one tract of land non-exempt and unencumbered, as required by statute, of the value of $1,000.00, he could only qualify as a surety on a bond or bonds aggregating not more than $1,000.00. In other words, he could qualify as surety on a $1,000.00 bond or two $500.00 bonds but not on two $1,000.00 bonds. If the surety owned one tract of land, non-exempt and unencumbered as required by the statute, of the value of $5,000.00, he could qualify as a surety on five bonds of $1,000.00 each, and could list said tract of land on each bond.

Honorable Cleveland Davis, Page 5

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By        *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:OO

APPROVED APR 1, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

